**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittany M Crawford,<br><br>             Plaintiff,<br><br>v.<br><br>National Institute for Excellence in Teaching,<br><br>             Defendant. | No. CV-25-02164-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion to proceed in forma pauperis ("IFP"). (Doc. 3). The Court will consider whether Plaintiff should be allowed to proceed in forma pauperis.

**I.     Legal Standards**

   **A.     Ability to Pay**

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

   **B.     28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines

how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).

**I.     Screening**

   **A.     Ability to Pay**

The Court has reviewed Plaintiff's financial information. (Doc. 3). In her application, Plaintiff claims that her monthly expenses exceed her gross monthly income by $1,395 per month. Accepting this as true, the Court finds that she does not have the ability to pay the filing fee and still afford life's necessities. Accordingly, the motion will be granted.

   **B.     Screening**

Plaintiff is suing a company that she alleges she interviewed with who did not hire her. (Doc. 1). Plaintiff claims that during the interview, Defendant's agent made specific statements that lead Plaintiff to believe she was not hired because she was pregnant and because of her race. (*Id.*). Thus, Plaintiff is suing for employment discrimination under Title VII.

The Court finds that based on the allegations in the complaint, Plaintiff states a claim.[1] Accordingly, the Court will allow the complaint to be served.

---

[1] Plaintiff does not allege that she exhausted her claims with the EEOC, which may be a basis for Defendant moving to dismiss. *Coleman v. Maldnado*, 564 F. App'x 893, 894 (9th

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 3) is granted.

**IT IS FURTHER ORDERED** that Plaintiff must serve the summons, complaint and a copy of this Order on Defendant within the time set by Federal Rule of Civil Procedure 4(m). Plaintiff may either serve the complaint through her own means, or file a motion asking for service by the U.S. Marshals. Any motion for Marshal service must be filed within 14 days of the date of this Order.

Dated this 18th day of July, 2025.

_____
James A. Teilborg
Senior United States District Judge

---

Cir. 2014) (a district court may properly grant a motion to dismiss despite a prior screening order finding the complaint stated a claim); *Jones v. Sullivan*, 19-CV-0025BKSCFH, 2020 WL 5792989, at *5 (N.D.N.Y. Sept. 29, 2020) ("A court's initial screening under § 1915(e) and/or § 1915A does not preclude a later dismissal under Fed. R. Civ. P. 12(b)(6).").

- 3 -